

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-31-2005

# USA v. Bibbs

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3382

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Bibbs" (2005). *2005 Decisions.* Paper 312.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/312

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-3382
_____

UNITED STATES OF AMERICA

v.

JESSE BIBBS,
a/k/a BASHIR,
a/k/a MARK COLE,

Jesse Bibbs,

Appellant

_____

Appeal from the United States District Court
For the Eastern District of Pennsylvania
D.C. No.: 02-cr-00473
District Judge: Honorable Petrese B. Tucker
_____

Submitted Under Third Circuit LAR 34.1(a) October 25, 2005

Before: SLOVITER, FISHER, and ROSENN, Circuit Judges

(Filed October 31, 2005)
_____

OPINION OF THE COURT
_____

ROSENN, Circuit Judge.

The appellant, Jesse Bibbs, was indicted in August 2002 with several others in the

United States District Court for the Eastern District of Pennsylvania for conspiracy to sell and pass more than $800,000 in counterfeit United States currency in violation of 18 U.S.C. § 371. The indictment also charged him in Counts V and VIII with possession of counterfeit currency. The District Court granted the Government's motion to dismiss Count V and the jury acquitted him on Count VIII. The jury convicted him on Count I. Bibbs timely appealed. We affirm.

The Court sentenced Bibbs to twelve months' imprisonment in the instant proceedings, a fine of $2,500 and supervised release for three years.

Bibbs had been arrested in 2001, together with two other men, after one of them attempted to pass a counterfeit $100 bill at a mall near Albany, New York. Bibbs was ultimately charged in State Court with passing counterfeit currency at a CVS store in Delmar, NY. He pled guilty in 2001 to possession of forged instruments. The State Court sentenced him to sixteen to thirty-six months' imprisonment.

In October 1999, Bibbs had pled guilty in the United States District Court for the Southern District of New York to a misdemeanor for refusing to surrender possession of counterfeit coins, obligations, and other securities in violation of 18 U.S.C. § 492. The court sentenced him on January 20, 2000 to three years' probation. This case was transferred for supervision to Judge Katz of the United States District Court for the Eastern District of Pennsylvania.

I.

Bibbs raises seven issues on appeal, which we discuss briefly. Since we write primarily for the parties, we will refer only to the facts salient to our discussion.

**1.      Double jeopardy**

Bibbs claims that the trial and conviction for the conspiracy charge now before this Court violates his right not to be placed in double jeopardy. He argues that the federal prosecution in this case is for the same substantive offense as his conviction on the 2001 state charge. He also asserts that the introduction of the guilty plea colloquy from that conviction violated his double jeopardy rights. We review constitutional claims *de novo*. U.S. v. Gordon, 290 F.3d 539, 546 (3d Cir. 2002).

Because conspiracy is a separate offense from the underlying counterfeiting offense, separate prosecutions for counterfeiting and for conspiracy to counterfeit do not raise double jeopardy concerns. U.S. v. Felix, 503 U.S. 378, 389-90 (1992) ("The same overt acts charged in a conspiracy count may also be charged and proved as substantive offenses, for the agreement to do the act is distinct from the act itself"); U.S. v. Liotard, 817 F.2d 1074, 1077 n.6 (3d Cir. 1987) (acquittal on conspiracy charge did not bar subsequent prosecution for the substantive charges contained in separate indictment).

Bibbs argues his case is unique because he believed his plea in New York state court resolved all possible charges and that using his plea colloquy is unfair. To support his argument Bibbs cites U.S. v. Nyhuis, 211 F.3d 1340 (11th Cir. 2000), which implies a breached plea agreement might implicate doubly jeopardy. Unlike the defendant in

3

Nyhuis, however, Bibbs has no written plea agreement or any evidence to support his claim that the prosecution had agreed that his plea in the State Court would also resolve all possible federal charges.

Bibbs also argues that double jeopardy applies under the *Bartkus* exception. The *Bartkus* exception suggests that double jeopardy may apply if a prosecution by one sovereign is simply a "sham and a cover" for the successive prosecution by another. U.S. v. Berry, 164 F.3d 844, 846-47 (3d Cir. 1999). Bibbs' proffered evidence that the state police turned over the counterfeit bills to federal agents does not support his argument. *See* Bartkus v. People of State of Ill., 359 U.S. 121, 123-24 (1959).

**2.     The prosecutor's closing argument**

Bibbs argues that the prosecutor committed misconduct by asking the jury in his closing arguments not to allow Bibbs to "rip up the evidence." Bibbs' counsel did not object to the closing argument at trial. Therefore, we review for plain error. U.S. v. Moore, 375 F.3d 259, 263 (3d Cir. 2002). The prosecutor's statement was as follows:

> And, the evidence that has come in, has demonstrated . . . that Jesse Bibbs in fact tried to hide from the police what he was doing. Because if you look at the evidence, you know, the money orders were all ripped up in the van. And officer, Investigator Shulman had to put them back together. When Jesse Bibbs was arrested in Deptford, New Jersey, he didn't even give the police officer his correct name and he didn't have any identification on him. So I ask you, ladies and gentlemen, don't let Jesse Bibbs try and rip up the evidence here. You have the power and the ability to look at the evidence, piece it together and come to the conclusion that Jesse Bibbs is guilty as charged and I ask that you do that. Thank you.

These statements refer to a money order Bibbs purchased with counterfeit money, which

was apparently ripped up as the police closed in on Bibbs' crew. The reassembled money order was produced at trial and played a part in the case.

The Government suggests that the comments were simply "a metaphor for the jury's responsibility to review the evidence and piece it together as the police had pieced together the money order." Bibbs argues that the statement suggests that even if the elements of the crime are not proven, the jury should still convict him because he is responsible for destroying any evidence that may be missing.

In the absence of other indicia of prejudice, this Court should follow the more reasonable interpretation. Donnelly v. DeChristoforo, 416 U.S. 637, 647 (1974) ("[A] court should not lightly infer that a prosecutor intends an ambiguous remark to have its most damaging meaning or that a jury, sitting through lengthy exhortation, will draw that meaning from the plethora of less damaging interpretations."). We believe the more reasonable assessment of the language is that the prosecutor was simply telling the jury to carefully consider the evidence and weigh the opposing argument. Bibbs has not met his burden of proving that an error "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." U.S. v. Mornan, 413 F.3d 372, 380 (3d Cir. 2005).

3.     **Introduction of his guilty plea colloquy**

Bibbs' claims that the introduction of his guilty plea colloquy from the 2001 New York prosecution was prosecutorial misconduct that violated his due process rights. This testimony was introduced after a sidebar discussion on how to use it in the most non-

prejudicial manner possible. Defense counsel asked that the jury not be told the statements were made in court (which was done), and the jury never found out that Bibbs had been previously convicted for counterfeiting. Defense counsel made no other comments about the introduction of the colloquy, and the prosecutor carefully introduced the colloquy as agreed upon.

Bibbs now claims this evidence was "unfairly prejudicial," because the jury may have improperly branded him as a criminal and convicted him on that ground alone. However, it seems likely the jury gave little credit to the colloquy because he was not convicted on the counterfeiting charges for which this evidence is most probative.[1] The utility of the colloquy to show an overt act in furtherance of the conspiracy reasonably outweighed any possible prejudice. *See* FED. R. EVID. 403. In any case, there is nothing to show that the jury was improperly prejudiced.

**4. Sufficiency of the evidence**

Bibbs next argues that the evidence, consisting largely of testimony by his co-conspirators (who were hoping for leniency from the prosecutor), was not sufficient to convict him of conspiracy. Bibbs ignores his admission to passing a counterfeit note, and other evidence of his involvement in a counterfeiting conspiracy, such as the demonstration that the fake bill Bibbs passed was made on the same machine as bills his

---

[1]While Bibbs was convicted of conspiracy to counterfeit, the jury found him not guilty on one charge of possession of counterfeit bills and failed to reach a verdict on a similar possession charge.

co-conspirators passed.

This Court will sustain a verdict if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" when viewing the evidence in the light most favorable to the Government. U.S. v. Dent, 149 F.3d 180, 187 (3d Cir. 1998). The testimony of cooperating witnesses may alone be sufficient to uphold a conviction, especially where the defense has (as in this case) ample opportunity to cross-examine the Government's witnesses. U.S. v. Perez, 280 F.3d 318, 344 (3d Cir. 2002); see Dent, 149 F.3d 180 at 187 ("It is not for us to weigh the evidence or to determine the credibility of the witnesses."). When viewed in the light most favorable to the Government, the testimony is more than sufficient to support Bibbs' conviction for conspiracy.

**5.    Exclusion of a 1980 robbery conviction**

Bibbs claims that the exclusion of evidence of a co-conspirator's prior conviction to impeach him on cross-examination was an abuse of discretion. The Court noted that it failed to see any "advantage or probative value" in the 24-year old conviction, and that Bibbs already had "enough ammunition for cross examination" without it. The Court further noted that Bibbs failed to give advance written notice to use the conviction, as required by the Federal Rules of Evidence. Alone, the lack of notice was sufficient grounds to exclude the conviction. *U.S. v Colletti*, 984 F.2d 1339, 1343 (3d Cir. 1989).

As it was, Bibbs used four recent convictions for fraud and one older drug offense

to impeach the co-conspirator at trial.  Each of these was much more probative of the credibility of the witness than the old robbery conviction (which, as a violent crime, was more likely to prejudice the jury).  The court's statements follow both the reasoning and spirit of the Federal Rules of Evidence.  *See* FED. R. EVID. 609(b).  There was no abuse of discretion.

**6.      Pre-trial motions to dismiss**

Bibbs argues that his temporary transfer to Pennsylvania for a hearing on his probation violation violated the Interstate Agreement on Detainers Act ("IADA"). The IADA establishes procedures for the resolution of one state's outstanding charges against a prisoner of another state.  The IADA is triggered where there is "any untried indictment, information, or complaint on the basis of which a detainer has been lodged."  Interstate Agreement on Detainers Act, 18 U.S.C. APP. 2, § 2 Art. III(a) (1970).  After the transfer from a sending state to a receiving state, the IADA requires that all charges in the receiving state be resolved before the prisoner-defendant is returned to the sending state. *Id*. at IV(e).  The IADA is inapplicable to transfers involving probation violation charges. Carchman v. Nash, 473 U.S. 716, 725-26 (1985).

To determine whether there was a violation of the IADA, we need to follow Bibbs' path:  (a) After his 2001 conviction in the New York state court, he was sent to Pennsylvania for a hearing on a probation violation rising out of the 2001 conviction. While there, he was arraigned in the present case in October, 2002.  (b) After complaining

that he was missing his parole hearings in New York, he was sent back to a parole hearing which was held in December 2003. (c) A detainer was issued in November 2003, and he was sent back to Pennsylvania after the parole hearing to serve his sentence for his probation violation and for trial.

The transfer in (a) and (b) above could not have run afoul of the IADA because the arraignment was not secured by a detainer, but by an unrelated appearance for a probation violation. *Id*. When he was brought back to Pennsylvania pursuant to a detainer, his state custody had ended.

Finally, Bibbs claims the District Court erred by denying his motion to dismiss the indictment because a witness committed perjury by representing to the Grand Jury that he never passed counterfeit bills. Bibbs provides no evidence of falsity and no argument that he was prejudiced by the alleged perjury. The District Court did not err in denying his motion.

## II.

For the forgoing reasons, the District Court's conviction of Jesse Bibbs for conspiracy is affirmed.